RONALD KEITH STUMP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stump v. Commissioner
Docket No. 10266-93
United States Tax Court
T.C. Memo 1994-357; 1994 Tax Ct. Memo LEXIS 362; 68 T.C.M. (CCH) 251; July 27, 1994, Filed *362 Decision will be entered for respondent. Ronald Keith Stump, pro se. For respondent: Thomas S. DiLeonardo. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1983
$ 28,282
$ 14,141
50 percent of
$ 7,071
the interest
due on $ 28,282
1984
10,860
5,430
50 percent of
2,715
the interest
due on $ 10,860
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. The sole issue for consideration for taxable years 1983 and 1984 is whether a plea bargain arrangement entered into by petitioner and the United States in a previous criminal prosecution immunizes petitioner from civil tax liability. We hold that it does not. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Phoenix, Arizona, at the time the petition was filed. In 1988, petitioner was indicted *363 in the United States District Court for the Northern District of California on one count of making a false statement and a false representation, one count of accepting a bribe, and two counts of making and subscribing a false Federal income tax return under section 7206(1) for taxable years 1983 and 1984. On April 27, 1989, petitioner entered a plea agreement with the United States with respect to the criminal charges filed against him. Pursuant to the plea agreement, petitioner agreed to plead guilty to making a false statement and false representation, and to one count of making and subscribing a false income tax return for taxable year 1983. Petitioner alleges that Government agents assured him that by entering such a plea the Internal Revenue Service (IRS) would not pursue collection of his civil tax liabilities. Petitioner's written plea agreement contains no reference to civil tax liabilities. OPINION Petitioner contends that he is immune from civil tax liability in each of the years at issue because at the time he entered the plea agreement with the Government regarding the criminal charges, the United States agreed not to pursue collection of the civil tax liabilities *364 in exchange for his guilty plea. Petitioner testified that he assumed all of the Government's positions would be canceled as a result of his plea agreement. He believed that it was a global agreement and it should have included the taxes. The Government's sentencing memorandum, which incorporates the plea agreement, states that "In exchange for Stump's plea, * * * the government would not seek prosecution for other crimes of which the government is aware." The sentencing memorandum also stated that as a result of certain thefts, "the government agreed not to prosecute Stump for failing to declare the income he derived therefrom." (Emphasis added.) Neither the written plea agreement nor the sentencing memorandum, however, contain any reference to civil tax liabilities. Further, petitioner's attorney during the criminal proceedings mailed a letter, which summarizes petitioner's understanding of the terms and conditions of the guilty plea, to Rodolfo Orjales, the assistant U.S. attorney who prosecuted the criminal case. The letter states that in exchange for his guilty plea "the civil suit [1] against Mr. Stump * * * will be dismissed", and that "Mr. Stump will not be prosecuted *365 for * * * additional tax charges." (Emphasis added.) The letter makes no reference to civil tax liabilities. Accordingly, we find that the plea bargain arrangements entered into by petitioner do not immunize him from the civil tax liabilities at issue in the instant case. See ; . To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. The record does not contain specific evidence of a civil suit against petitioner; however, on cross-examination petitioner admitted that the plea agreement immunized him from civil liabilities with respect to a mass spectrometer.↩